**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5274

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNY RAY MALONE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, Chief District Judge. (5:06-cr-00072-FL)

Submitted: September 28, 2007      Decided: October 12, 2007

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Ray Malone pled guilty to possession with the intent to distribute marijuana and possession of a firearm by a convicted felon. He was sentenced within his advisory Guideline range to 57 months in prison. On appeal, his attorney has filed an Anders* brief, noting that, because Malone waived the right to appeal in his plea agreement, there were no meritorious issues on appeal. Nonetheless, the brief questions whether Malone's sentence was reasonable. Although informed of his right to do so, Malone has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal based on the waiver. We grant the motion in part and dismiss the appeal with regard to the issue raised in Malone's brief. After a review of the record under Anders, we affirm Malone's convictions and sentence.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C.A. § 3742 (West 2000 & Supp. 2007). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Any such waiver must be made by a knowing and intelligent decision to forgo the right to appeal. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Whether a defendant has effectively waived his right to appeal is an issue of law we review de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

_____

*Anders v. California, 386 U.S. 738 (1967).

To the extent Malone is appealing the reasonableness of his sentence, we grant the Government's motion to dismiss. The district court's plea colloquy was thorough and conformed to the dictates of Fed. R. Crim. P. 11. Moreover, Malone does not challenge the voluntariness of his waiver. Because Malone knowingly and voluntarily entered into the plea agreement and the waiver was reviewed at the plea hearing, the waiver is enforceable.

The waiver expressly precluded Malone from appealing any sentence that was either within or below the advisory Guideline range. Because the sentence imposed was within the advisory range, any challenge to the district court's sentence, including Malone's claims that his sentence was unreasonable, falls within the scope of that waiver. As such, we grant the Government's motion to dismiss Malone's appeal as to the claim raised in Malone's brief.

However, the waiver's enforceability does not completely dispose of this appeal. Our interpretation of Malone's plea agreement is guided by contract law. United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997). The appellate waiver expressly permitted an appeal based upon ineffective assistance of counsel or prosecutorial misconduct not known to Malone at the time of his guilty plea. Accordingly, the waiver provision does not foreclose Malone's right to appeal with respect to these issues. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). As such, we

deny the Government's motion as it relates to ineffective assistance or prosecutorial misconduct.

Though Malone does not raise a specific challenge based on either of these issues, pursuant to <u>Anders</u>, we must review the record for any meritorious issues.  In accordance with <u>Anders</u>, we have reviewed the entire record and found no viable claims of ineffective assistance of counsel or prosecutorial misconduct that are clear from the record.  Accordingly, we affirm Malone's convictions and sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u>;
<u>AFFIRMED IN PART</u>